United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT D.,

        Plaintiff,

  v.

ANTHEM BLUE CROSS LIFE AND
HEALTH INSURANCE COMPANY, et al.,

        Defendants.

Case No. 23-cv-05664-RS

**ORDER DENYING MOTION TO DISMISS**

## I. INTRODUCTION

This is an action for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff Scott D. avers Defendants violated the law in refusing to cover mental health treatment for his son, A.D., at an outdoor behavioral health program, "Evoke at Cascades" ("Evoke") and a residential treatment center, Boulder Creek Academy. Defendant Anthem Blue Cross HDHP PPO Plan ("Anthem Blue Cross") moves to dismiss Plaintiff's breach of fiduciary duty claim as impermissibly duplicative of Plaintiff's claim for benefits.[1] Anthem Blue Cross also moves to dismiss Plaintiff's Mental Health Parity and Addiction Equity Act ("Parity Act") claim, which it argues Plaintiff impermissibly "buries" in its breach of fiduciary duty claim. Plaintiff denies bringing a separate cause of action for a Parity Act violation. For the reasons below, the motion to dismiss is denied.

---

[1] Defendant Anthem Blue Cross Life and Health Insurance Company requests to join in Anthem Blue Cross's motion to dismiss and its subsequent reply. This request is granted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## II. BACKGROUND[2]

Scott D. is an employee of Intel Corporation, which sponsors the employee welfare benefit plan (the "Plan") involved here. The Plan covers mental health benefits for its beneficiaries, and mental health services under the Plan are administered by Anthem UM Services, Inc. Scott D.'s son, A.D., is a Plan beneficiary. A.D. has a long history of mental illness and has been diagnosed with autism spectrum disorder, persistent depressive disorder, attention-deficit hyperactivity disorder, social anxiety disorder, oppositional defiant disorder, and body dysmorphia disorder. A.D.'s mental health conditions have severely limited his ability to engage in activities of daily living, and several outpatient treatment services proved ineffective in treating his conditions. A.D. has attempted a number of outpatient mental health treatments, but these proved to be unsuccessful.

A.D. was admitted to Evoke, an intermediate outdoor behavioral health program, at the recommendation of his treatment providers given his need for more care. Evoke created a treatment plan for A.D., employed a board-certified psychiatrist, maintained a supervised group living arrangement, and provided necessary therapeutic interventions. Plaintiff submitted claims to Anthem for A.D.'s treatment at Evoke, which Anthem denied on the grounds that the Plan did not cover outdoor wilderness programs like Evoke. Plaintiff's administrative appeal of this denial was unsuccessful. After A.D.'s treatment providers recommended A.D. pursue additional treatment, he was admitted to Boulder Creek, a licensed inpatient facility that provides intermediate mental health care, employs a board-certified psychiatrist to supervise patients, and provides patients with constant structure. Boulder Creek developed a plan to treat A.D.'s functional impairments. Anthem denied Plaintiff's claim for his treatment from Boulder Creek on the basis that it was not medically necessary. Plaintiff's administrative appeal, once again, was unsuccessful. Plaintiff paid all costs incurred for A.D.'s mental health treatment at Evoke and Boulder Creek with his own

---

[2] All facts in this section are taken from the Complaint, which must be taken as true for the purposes of this motion. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

United States District Court
Northern District of California

1    funds.

2                          **III. LEGAL STANDARD**

3         A complaint must contain "a short and plain statement of the claim showing that the

4    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not

5    required, a complaint must have sufficient factual allegations to state a claim that is "plausible on

6    its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

7    544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that

8    allows the court to draw the reasonable inference that the defendant is liable for the misconduct

9    alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer

10   possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task

11   requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

12        A Rule 12(b)(6) motion to dismiss tests the sufficiency of the claims alleged in the

13   complaint. Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal

14   theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *See*

15   *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and

16   citation omitted). When evaluating such a motion, the court must accept all material allegations in

17   the complaint as true and construe them in the light most favorable to the non-moving party. *In re*

18   *Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). It must also "draw all

19   reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d

20   556, 561 (9th Cir. 1987).

21                          **IV. DISCUSSION**

22   **A.  No Duplicative Claims**

23        Anthem Blue Cross first contends Plaintiff's breach of fiduciary duty claim should be

24   dismissed as duplicative of his § 502(a)(1)(B) claim for denial of benefits. Simultaneous claims

25   for relief under § 502(a)(1)(B) and § 502(a)(3) are permissible when such claims are pled in the

26   alternative "so long as there is no double recovery." *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823

27   F.3d 948, 961 (9th Cir. 2016). The question is whether a given claim for benefits under

28                                    ORDER DENYING MOTION TO DISMISS
                                      CASE NO. 23-cv-05664-RS

                                      3

§ 502(a)(1)(B) is "*adequate* under the circumstances" such that a claimant will receive "make-whole relief." *Castillo v. Metro. Life Ins. Co.*, 970 F.3d 1224, 1230 (9th Cir. 2020) (emphasis in original). Courts in the Northern District have recognized the difficulty in establishing whether claims are duplicative at the pleading stage. *See, e.g.*, *Kazda v. Aetna Life Ins. Co.*, No. 19-cv-2512, 2019 WL 6716306, at *6 (N.D. Cal. Dec. 10, 2019); *see also Dennis H. v. Cal. Physicians' Serv.*, No. 18-cv-6708, 2019 WL 1301757, at *3 (N.D. Cal. Mar. 21, 2019) (noting that were a plaintiff to lose a denial of benefits claim later in litigation but prevail on their § 502(a)(3) claim, there would be no double recovery).

It would be premature to dismiss Plaintiff's breach of fiduciary duty claim at this stage. Plaintiff claims to be contesting "the terms of the Plan itself" and "the criteria utilized by Defendants" and seeking related equitable relief, such as plan reformation, rather than merely asserting improper nonpayment of benefits. Dkt. 24, at 8. Plaintiff contends Defendants deploy "level of care guidelines that are not [P]lan terms and that fall below reasonable standards in the medical community." *Id.* at 7. Plaintiff, furthermore, seeks a surcharge "for any pecuniary injuries Plaintiff has suffered as a consequence of Defendants' breaches of their ERISA fiduciary duties." Dkt. 1, ¶ 87. The surcharge remedy would, in theory, include costs associated with Plaintiff's administrative appeals of the benefit denials. *See Castillo*, 970 F.3d at 1230. Thus, Plaintiff seeks relief in this claim that may not be available under § 502(a)(1)(B). *See Englert v. Prudential Ins. Co. of Am.*, 186 F. Supp. 3d 1044, 1049 (N.D. Cal. 2016) (declining to dismiss request for other make-whole relief as duplicative of § 502(a)(1)(B) claim at motion to dismiss stage).

Anthem Blue Cross cites *Ehrlich v. Hartford Life & Accident Insurance Co.* for the proposition that while alternative pleading is permissible, duplicative claims based on a single injury are not. *See* No. 20-cv-2284, 2021 WL 4472846, at *2 (N.D. Cal. July 15, 2021). Unlike the situation here, however, in *Ehrlich* the plaintiff was seeking the same relief for the same financial injury asserted in the § 502(a)(1)(B) claim. *Id.* In this case, by contrast, Plaintiff's averred injuries and the remedies he seeks do not merely duplicate his denial of benefits claim for pleading purposes. Dismissal of the § 502(a)(3) claim on the grounds it is impermissibly duplicative of the

1  § 502(a)(1)(B) claim is unwarranted.

2  **B. Breach of Fiduciary Duty/Parity Act Claim**

3     Defendants argue for dismissal of what they characterize as Plaintiff's Parity Act claim.

4  Plaintiff, for his part, disagrees that he is asserting a Parity Act claim at all. Dkt. 24, at 9 ("Plaintiff

5  has not set forth a separate cause of action arising under the Parity Act."). Defendants respond that

6  Plaintiff is impermissibly "attempt[ing] to introduce into this litigation a claim for Parity Act

7  violation while also avoiding having to properly plead a Parity Act violation." Dkt. 27, at 4.

8     The Parity Act is meant to ensure, among other things, that insurers do not impose more

9  restrictive treatment limitations on mental health benefits than the "predominant treatment

10 limitations applied to substantially all medical and surgical benefits covered by the plan" or

11 treatment limitations applicable solely to mental health benefits. 29 U.S.C. § 1185a(a)(3)(A)(ii). A

12 restriction based on facility type is one example of this kind of nonquantitative treatment

13 limitation. 29 C.F.R. § 2590.712(c)(4)(ii)(H). A claim for breach of fiduciary duty may be

14 premised on a Parity Act violation. *See D.T. v. NECA/IBEW Fam. Med. Care Plan*, No. 17-cv-

15 00004-RAJ, 2017 WL 5756870, at *3 (W.D. Wash. Nov. 27, 2017) ("Plaintiff states that . . . by

16 violating the Federal Parity Act, Defendants breached their fiduciary duties as defined under

17 ERISA."); *Gallagher v. Empire HealthChoice Assurance, Inc.*, 339 F. Supp. 3d 248, 253, 256–59

18 (S.D.N.Y. 2018) (denying motion to dismiss claim for breach of fiduciary duty premised on Parity

19 Act violation); *Christine S. v. Blue Cross Blue Shield of N.M.*, 428 F. Supp. 3d 1209, 1228 n.11

20 (D. Utah 2019) (noting where Parity Act rights were not asserted as an element of a fiduciary duty

21 claim). There is nothing necessarily improper about Plaintiff asserting a Parity Act violation as an

22 element of his breach of fiduciary duty claim.

23     Anthem Blue Cross argues Plaintiff has not sufficiently pled a Parity Act violation on the

24 grounds (1) the allegations in the Complaint are conclusory and formulaic, and (2) Plaintiff failed

25 to plead the requisite disparity between mental health benefits and medical/surgical benefits.

26

27

28

United States District Court
Northern District of California

Dkt. 12, at 10–15.[3] Plaintiff appears to bring an as-applied challenge to the Plan's limitations on mental health treatment, and Anthem Blue Cross treats it as such. *See id.* at 13 ("Plaintiff generally alleges that Anthem applied more stringent medical necessity criteria to mental health benefits than it applied to analogous surgical/medical benefits"). Plaintiff avers Evoke qualified as a residential treatment center under the Plan, but Defendants nevertheless denied coverage "because Evoke was an intermediate outdoor behavioral health facility." Dkt. 24, at 12.[4] Less stringent coverage requirements, Plaintiff claims, were imposed on medical facilities—specifically, "sub-acute inpatient treatment settings such as skilled nursing facilities, rehabilitation facilities, and inpatient hospice care"—such that Defendants imposed higher standards for care at intermediate mental health facilities to be covered. Dkt. 1, ¶ 76. With reference to the Boulder Creek coverage denial, the Complaint alleges that the "Anthem UM Guidelines" govern whether mental health treatment is medically necessary but are not disclosed to beneficiaries. *See id.* ¶ 17; Dkt. 24, at 3.

Plaintiff has done enough to plead an as-applied Parity Act violation. *See A.H. v. Anthem Blue Cross*, No. 22-cv-7660, 2023 WL 3819367, at *3 (N.D. Cal. June 5, 2023) (declining to dismiss Parity Act claim under similar factual circumstances); *K.K. v. Premera Blue Cross*, No. C21-1611-JCC, 2022 WL 1719134, at *3 (W.D. Wash. May 27, 2022) (finding allegation of more stringent mental health treatment limitation sufficient "alone"); *A.Z. v. Regence Blueshield*, 333 F. Supp. 3d 1069, 1082 (W.D. Wash. 2018) (finding allegations of improper coverage exclusion of wilderness therapy sufficient to plead Parity Act violation). Plaintiff's averments go

---

[3] Anthem Blue Cross points to *K.K. v. Premera Blue Cross* as stating the relevant requirements to plead a Parity Act claim:

> (1) the relevant group health plan is subject to the Parity Act; (2) the plan provides both medical/surgical benefits and mental health or substance use disorder benefits; (3) the plan includes a treatment limitation for mental health or substance use disorder benefits that is more restrictive than medical/surgical benefits; and (4) the mental health or substance use disorder benefit being limited is in the same classification as the medical/surgical benefit to which it is being compared.

No. C21-1611-JCC, 2022 WL 1719134, at *2 (W.D. Wash. May 27, 2022).

[4] Plaintiff's alleged Parity Act violation appears to be based on A.D.'s treatment at Evoke but not at Boulder Creek. *See* Dkt. 24, at 11–12.

1  beyond the merely conclusory or formulaic and specifically allege a disparity between mental

2  health benefits and mental/surgical benefits.

3          The cases Anthem Blue Cross cites where Parity Act claims were defeated at summary

4  judgment are not to the contrary. *See Stone v. UnitedHealthcare Ins. Co.*, 979 F.3d 770, 774 (9th

5  Cir. 2020) (affirming summary judgment on Parity Act claim where Plaintiff had not shown "more

6  restrictive limitation on [mental health] treatment"); *Howard W. v. Providence Health Plan*, 652 F.

7  Supp. 3d 1293 (W.D. Wash. 2023) (granting summary judgment on Parity Act claim). At this

8  stage of the proceedings, however, Plaintiff's burden is not so great. Plaintiff merely needs to

9  plead sufficient facts, when construed in the light most favorable to him, to state a Parity Act

10  violation. He has done so.

## V. CONCLUSION

12          For the foregoing reasons, the motion to dismiss Count II of the Complaint is denied.

14  **IT IS SO ORDERED**.

16  Dated: March 14, 2024

17

18  RICHARD SEEBORG
    Chief United States District Judge

United States District Court
Northern District of California